Filed 3/12/21  P. v. Alexander CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091618 |
| Plaintiff and Respondent, | (Super. Ct. No. 06F00314) |
| v. | |
| TERRY ALEXANDER, | |
| Defendant and Appellant. | |

Petitioner Terry Alexander appeals from a postjudgment order denying his petition for resentencing under Penal Code[1] section 1170.95.  Petitioner argues the trial court erred by declining to issue an order to show cause because the court looked beyond his declaration that he met the requirements of section 1170.95.  He further argues the trial

---

[1]     Further section references are to the Penal Code unless otherwise indicated.

court erred by determining he was ineligible for resentencing as a matter of law based on the jury's felony-murder special circumstance finding. We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Petitioner filed a petition to vacate his first degree murder conviction under section 1170.95. The declaration attached to his petition provided he was one of three defendants charged with "murder, attempted robbery, robbery, kidnap for robbery, carjacking, assault with a deadly weapon, force oral copulation in concert, and force penetration." Further, the information "filed against [him] allowed the prosecution to proceed under the theory of the felony-murder rule in the . . . charge of murder . . . ." Petitioner also declared that "following a jury trial, [he] was convicted [of] first degree murder . . . pursuant to the theory of felony murder . . . ." "Following the amendments made to Penal Code sections 188 and 189 , . . . [he] could not now be convicted of first degree murder." ( "As the factual history set forth in the court of appeals [*sic*] opinion in [the] previous first level direct appeal . . . clearly show[s], [he] was not the actual killer" and he "did not, with intent to kill, aid, abet, counsel, commend, induce, solicit, request, or assist the actual killer . . . in the commission of murder in the first degree." "As stated by the court of appeal in its opinion the sole purpose for using a gun was 'for compliance' and, so being, [petitioner] did not act with reckless indifference to human life during the course of the underlying felony attempted robbery or [he] was not a major participant in the underlying felony attempted robbery." Petitioner also requested the appointment of counsel.

The parties filed responsive pleadings, with petitioner being represented by counsel. The court then ruled "based on the record of conviction including the opinion by the Third District Court of Appeal in the appeal affirming the judgment." In its ruling, the court found petitioner "was convicted at trial of one count of . . . first degree murder, with a . . . robbery-murder special circumstance true [finding], as well as on a plethora of other counts for other various crimes. The jury was instructed with CALCRIM No. 401

2

on direct aiding and abetting, and a special instruction was given that to convict of murder on an aiding and abetting theory, it must be found that [petitioner] shared the perpetrator's intent. CALCRIM Nos. 416 and 417, on conspiracy to commit robbery, were specifically limited to liability for carjacking and kidnapping as the only offenses committed that were subject to the natural and probable consequences doctrine for conspiracy; the latter was not given as a theory of liability for the murder. As such, [petitioner] was not convicted of murder based on the natural and probable consequences doctrine of aiding and abetting in any manner. The jury was additionally instructed with CALCRIM No. 540A, on the theory of first degree felony-murder based upon robbery or kidnapping, but was also additionally instructed with CALCRIM No. 703, on the felony-murder special circumstance that was charged under a theory solely of robbery-murder; the instruction required that the jury find that [petitioner] was either the actual killer, acted with intent to kill, or was a major participant in the robbery with reckless indifference to human life. As the jury unanimously found true, beyond a reasonable doubt, that the robbery-murder special circumstance was true, it necessarily concluded that [petitioner] had committed robbery-murder, and that he did so either as the actual killer, with intent to kill, or as a major participant in the robbery with reckless indifference to human life.

"[Petitioner] appealed the judgment to the Third District Court of Appeal, which affirmed the judgment. [Petitioner] did not raise a challenge to the robbery-murder special circumstance on the appeal, but had opportunity to do so. He has also had opportunity since the affirmance on appeal to attempt to challenge the robbery-murder special circumstance in a habeas corpus proceeding, under *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, but does not present any documentary evidence to the court to show that he has done so and obtained relief from the robbery-murder special circumstance finding." (Italics added.)

3

The court found petitioner was ineligible for resentencing because "he could have been, and beyond a reasonable doubt was, convicted of first degree murder based on robbery-murder in which he was either the actual killer, intended to kill, or was a major participant in the robbery who acted with reckless indifference to human life. Penal Code [sections] 187 and 189 still provide for first degree murder based on robbery-murder, when the trier of fact has found beyond a reasonable doubt that the defendant is guilty of robbery-murder and that the defendant either was the actual killer, intended to kill, or was a major participant who acted in the robbery with reckless indifference to human life. [Petitioner]'s jury unanimously found that to be so beyond a reasonable doubt, and it does not appear that that finding has been disturbed in any postconviction proceeding. As such, [petitioner] is ineligible for relief under Penal Code [section] 1170.95."

Petitioner appeals.

## DISCUSSION

### I

### *Applicable Law*

Senate Bill No. 1437, effective January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended the definition of malice in section 188, revised the definition of the degrees of murder to address felony-murder liability in section 189, and added section 1170.95, "which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, citing Stats. 2018, ch. 1015, §§ 2-4.)

Section 1170.95, subdivision (a) states that a person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the

court for resentencing "when all of the following conditions apply:  [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.  [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

Subdivision (b) requires the petitioner to submit a declaration that avers eligibility for relief under the statute (based on the requirements of subdivision (a)) and states the superior court case number, the year of conviction, and whether petitioner requests appointment of counsel.  (§1170.96, subd. (b).)  Subdivision (c), which dictates how the court must handle the petition, reads:  "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served.  These deadlines shall be extended for good cause.  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."  (*Id.*, subd. (c).)

Section 1170.95, subdivision (d) provides that a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner as needed should be held within 60 days after the order to show cause; and the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing.  At the hearing, "[t]he prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens."  (*Id.*, subd. (d)(3).)

5

## II

### *Petitioner Is Not Entitled To Relief As A Matter Of Law*

Petitioner contends the court erred by considering his record of conviction when determining whether petitioner pled a prima facie case under section 1170.95, subdivision (c). According to petitioner, the court should have found petitioner's declaration that he met the requirements of section 1170.95 was sufficient to issue an order to show cause.

This issue is currently pending before our Supreme Court. Multiple courts of appeal have rejected petitioner's argument, concluding the court can find the petitioner failed to make a prima facie case not only if there is a deficiency on the face of the petition but also where the record of conviction demonstrates the petitioner is ineligible as a matter of law. (See, e.g., *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598; *People v. Cornelius* (2020) 44 Cal.App.5th 54, review granted Mar. 18, 2020, S260410; *People v. Verdugo* (2020) 44 Cal.App.5th 320, review granted Mar. 18, 2020, S260493; *People v. Edwards* (2020) 48 Cal.App.5th 666, review granted July 8, 2020, S262481; *People v. Tarkington* (2020) 49 Cal.App.5th 892, review granted, Aug. 12, 2020, S263219.)

Indeed, as is the case here, it does not matter when the court reviewed petitioner's record of conviction because petitioner was ineligible for resentencing under section 1170.95 as a matter of law. As noted, the jury found true a felony-murder special-circumstance allegation -- that the murder was committed during a robbery. (§ 190.2, subd. (a)(17)(A).) Thus, even if a hearing was held at which the court could consider the record of conviction and defendant could introduce evidence, the court was still bound by the jury's felony-murder special-circumstance finding precluding petitioner from relief.

"The requirements for the felony-murder special circumstance did not change as a part of Senate Bill No. 1437, and are identical to the new requirements for felony murder following the enactment of Senate Bill No. 1437. In both instances, the defendant must

have either actually killed the victim [citations]; acted with the intent to kill in aiding, abetting, counseling, commanding, inducing, soliciting, requesting, or assisting in the killing [citations]; or been a major participant in the underlying felony and acted with reckless indifference to human life [citations].  By finding a special circumstance allegation true, the jury makes precisely the same finding it must make in order to convict a defendant of felony murder under the new law.  Because a defendant with a felony-murder special-circumstance could still be convicted of murder, he is ineligible as a matter of law to have his murder conviction vacated." (*People v. Galvan* (2020) 52 Cal.App.5th 1134, review granted Oct. 14, 2020, S264284; see *People v. Jones* (2020) 56 Cal.App.5th 474, review granted Jan. 27, 2021, S265854; *People v. Gomez* (2020) 52 Cal.App.5th 1, review granted Oct. 14, 2020, S264033; *People v. Murillo* (2020) 54 Cal.App.5th 160, review granted Nov. 18, 2020, S264978; *People v. Allison* (2020) 55 Cal.App.5th 449.)

We recognize some appellate courts have come to contrary conclusions and the issue is currently pending in our Supreme Court.  (See *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011; *People v. Law* (2020) 48 Cal.App.5th 811, review granted July 8, 2020, S262490; *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835; *People v. York* (2020) 54 Cal.App.5th 250, review granted Nov. 18, 2020, S264954; *People v. Harris* (Feb. 19, 2021, B300410) ___Cal.App.5th ___ [2021 Cal.App. Lexis 127].)  We, however, find the *Galvan* line of cases more persuasive.

If petitioner wishes to challenge the sufficiency of the evidence supporting the felony-murder special circumstance finding, his remedy is to pursue extraordinary relief by way of habeas corpus.  As our Supreme Court recently explained, *Banks* and *Clark* merely clarified the law.  (*In re Scoggins* (2020) 9 Cal.5th 667, 674.)  Where a decision does not announce a new rule of law but merely "clarifies the kind of conduct proscribed by a statute, a defendant whose conviction became final before that decision 'is entitled

to post-conviction relief upon a showing that his [or her] conduct was not prohibited by the statute' as construed in the decision.  [Citation.]  'In such circumstances, it is settled that finality for purposes of appeal is no bar to relief, and that habeas corpus or other appropriate extraordinary remedy will lie to rectify the error.' "  (*Id*. at pp. 673-674.)

DISPOSITION

The order denying the petition is affirmed.


/s/
Robie, Acting P. J.



We concur:



/s/
Murray, J.



/s/
Renner, J.



8